UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 6:10-CR-24-GFVT |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| TERRANCE BETHEA, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 7, 2010, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed a motion for examination by the United States. (*See* D.E. 11, 13.). The Court granted the motion pursuant to 18 U.S.C. § 4241(a) upon the finding of reasonable cause to believe that Defendant may be suffering from mental disease or defect rendering him mentally incompetent. (*See* D.E. 19.). The Court thus, upon the required findings, ordered a psychiatric evaluation limited to competency. (*Id*.).

The evaluation ordered by the Court occurred at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, from September 1 to September 14, 2010. All parties had access to the resulting forensic report (the "Report") issued by BOP clinical psychologist Lea Ann Preston Baecht, Ph.D. The Report opines that Defendant is **not competent** at this time, and that he is unlikely to be restored to competency in the foreseeable future in the absence of anti-psychotic medication, which he has recently been unwilling to take voluntarily.

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

After receipt and circulation of the Report, the Court set a hearing and the parties appeared with counsel. (*See* D.E. 36.). During the course of that hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings and Dr. Baecht's qualifications. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Id.* at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure). Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the

proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the only proof as to current competency is the expert analysis of Dr. Baecht. The Report reflects personal observation and a full review of Defendant's medical history and status. (D.E. 33.). Dr. Baecht is also uniquely qualified to opine on Defendant's mental health status, having authored or co-authored four prior forensic reports concerning Defendant in 2006 and 2007. (*Id*. at 2.). Dr. Baecht also secured and reviewed all relevant records. (*Id*.).

Dr. Baecht accurately applied the *Dusky* standard in determining that Defendant is not competent. She diagnoses Defendant with both Schizophrenia, Undifferentiated, and Adult Antisocial Behavior. The Report discusses Defendant's uncooperativeness, apparent auditory hallucinations (which he denies), paranoia, and refusal to voluntarily consent to anti-psychotic medication. (*Id*. at 5.). In her Report, Dr. Baecht noted:

> "Although I was unable to gain his cooperation in assessing his current understanding of his present legal circumstances, it is clear that in his present mental state [Defendant] is too mentally ill to assist properly in his defense. He is currently not capable of communicating meaningfully with a defense attorney, testifying relevantly, or making rational decisions regarding his legal case."

(*Id*. at 5.). Dr. Baecht therefore accurately applied the Dusky standard in determining that Defendant is not competent. Because the only evidence as to current competency is Dr. Baecht's Report, to which the parties have stipulated, the Court finds by a preponderance of the evidence that Defendant is not currently competent.

Accordingly, the statute requires[2] and the Court **ORDERS** that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. Defendant is to remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that the Defendant will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then proceed pursuant to § 4241(e).

The Court therefore **ORDERS** as follows:

1) Defendant be hospitalized pursuant to Section 4241(d) for the reasons stated above, and that the following actions related thereto be taken:

    a) A copy of this Recommended Disposition shall be served on the United States Marshal, to communicate with the BOP in order to designate, as soon as practicable (and in no case more than ten days) an appropriate institution where Defendant shall receive appropriate treatment.

    b) Once an appropriate facility has been designated, but not later than ten days from entry of this Recommended Disposition, the United States shall file a status report that identifies the institution designated in paragraph 1(a); and

    c) Defendant shall not be transported to the designated facility absent further court orders;

---

[2] When a court finds by a preponderance of the evidence that a defendant is incompetent, as defined by Section 4241(a), Section 4241(d) mandates commitment to the custody of the Attorney General for hospitalization; it is not discretionary. *See United States v. Magassouba*, 544 F.3d 387, 404 (2nd Cir. 2008); *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003).

2) A separate Order shall issue **SCHEDULING** a status conference to occur promptly upon conclusion of the initial hospitalization period. At that time the parties shall be prepared to discuss whether additional hospitalization, as authorized by Section 4241(d)(2), is appropriate.

3) The oral motion of the United States seeking detention of Defendant is **DENIED** as moot, because the foregoing Order commits Defendant to the custody of the Attorney General pursuant to Section 4241(d).

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Fed. R. Crim. P. 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within ten (10) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 19th day of October, 2010.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge